# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT A. REPH, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 10-6757 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
|     Defendant. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                    **January 30, 2013**

Before me is plaintiff Scott Reph's motion for $6,205.86 in attorney's fees and $350.00 in costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the following reasons, I will grant the motion.

## I. BACKGROUND

On September 11, 2007, Reph filed concurrent applications for disability insurance benefits and supplemental security income (collectively, benefits) under Titles II and XVI of the Social Security Act (the Act). Reph's applications were denied, and he timely requested a hearing before an administrative law judge (ALJ). A hearing was held before ALJ Paula Garrety on November 12, 2009. Reph and a vocational expert testified. On December 22, 2009, the ALJ concluded that Reph was not disabled under the Act because he had the residual functioning capacity to perform medium work involving no detailed job instructions; routine, self-paced tasks; and limited contact with the general public and co-workers. The Appeals Council denied Reph's request for review on

September 24, 2010, rendering the ALJ's decision the final decision of the Commissioner of Social Security (Commissioner).

On November 18, 2010, Reph filed this action under 42 U.S.C. § 405(g), seeking review of the Commissioner's final decision denying his applications for benefits. Magistrate Judge Faith Angell issued a report and recommendation (R&R) on April 12, 2012, finding no substantial evidence to support the Commissioner's decision. She recommended that Reph's case be remanded to the Commissioner for further development of the record—specifically, consideration of medical expert testimony and a current psychological evaluation—and a reevaluation of the medical evidence. The Commissioner filed no objections to the R&R. After an independent review of the record, I approved and adopted the magistrate judge's R&R and remanded the case.

## II. STANDARD OF REVIEW

The EAJA provides that "a court shall award to the prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner contends only that his position was substantially justified; he bears the burden of making this "strong" showing. Edge v. Schweiker, 814 F.2d 125, 128 (3d Cir. 1987).

A position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The government's position consists of both its prelitigation agency position and its litigation

position." Williams v. Astrue, 600 F.3d 299, 302 (3rd Cir. 2009). "To defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" Id. (quoting Morgan, 142 F.3d at 684).

In making this determination, I am mindful that "the EAJA is not a 'loser pays' statute. [A] court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." Morgan, 142 F.3d at 685. Rather, I must "make a single global determination 'from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation.'" Jones v. Astrue, CIV.A. 10-4194, 2012 WL 2849273, at *5 (E.D. Pa. July 11, 2012) (quoting Williams, 600 F.3d at 302).

### III. DISCUSSION

#### A. Substantial Justification

The government contends its position was substantially justified because the magistrate judge's recommendation to remand was based principally on contradictory evidence regarding Reph's mental health. The government observes that the magistrate judge did not explicitly note any analytical errors in the ALJ's decision. While this is true, implicit in the magistrate judge's R&R was a finding that the ALJ erred in interpreting and largely discounting contradictory evidence from Reph's treating sources

3

supportive of his claim.  For this reason, I conclude that the government's position was not substantially justified and that Reph is entitled to fees.

As in an initial matter, it does not necessarily follow that the government's position was substantially justified "merely because [it] adduces 'some evidence' in support of its position." Edge, 814 F.2d at 128; e.g., Ortiz v. Chater, 95 CV 3126 ERK, 1997 WL 50217, at *3 (E.D.N.Y. Jan. 30, 1997) ("[T]he fact that there is some evidence in the record that supports an ALJ's decision will not necessarily lead to a finding that the Commissioner's position was substantially justified.").  What matters is how the ALJ (and the government in litigating the case) evaluated the evidence.  Cotter v. Harris, 642 F.2d 700, 704-07 (3d Cir. 1981).

In this Circuit, "[t]reating physicians' reports should be accorded great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987)); see also Brownawell v. Comm'r Of Soc. Sec., 554 F.3d 352, 357 (3d Cir. 2008) ("[A] longtime treating physician's opinion carries greater weight than that of a non-examining consultant.").  Moreover, ALJs are required to distinguish "between a doctor's notes for purposes of treatment and that doctor's ultimate opinion on the claimant's ability to work." Brownawell, 554 F.3d at 356.

The ALJ's reasoning and the government's litigation position regarding Reph's mental health did not comport with this precedent.  Reph first sought mental health treatment in May 2008 at HAO Counseling Services (HAO).  He treated at HAO until

4

November 2009. During that time, at least two HAO physicians concluded that Reph's mental health issues rendered him temporarily or permanently disabled. The ALJ did not afford substantial weight to these conclusions. Failing to see the forest through the trees, the ALJ focused not on these ultimate opinions but rather on progress notes purportedly indicating that Reph's "symptoms significantly improved" once he started taking medication.[1] The ALJ also afforded no weight to the opinion of Dr. Anthony Fischetto, a consulting psychologist who examined Reph on March 20, 2008. Dr. Fischetto concluded that Reph was "very impaired," noting that he appeared "very regressed" and "zombie-like." The ALJ instead credited the opinion of Dr. Anthony Galdier, a non-examining consultant who concluded on March 25, 2008, that Reph was capable of performing simple, routine tasks.

The ALJ's weighing of the evidence was improper. Not only was Dr. Galdier a non-examining source, he formulated his opinion without reference to medical records from Reph's treating physicians at HAO. The ALJ's decision to focus primarily on HAO progress notes rather than ultimate opinions on Reph's ability to work was also improper. The government advanced the ALJ's reasoning before the magistrate judge. Because "the government's legal position clearly offends established precedent, its position cannot be said to be substantially justified." Edge, 814 F.2d at 128. Reph is entitled to attorney's fees.

---

[1] Reph disputes the government's characterization of the HAO progress notes; however, that is of no moment here.

5

### B.     Reasonableness of Reph's Fee

Reph seeks a total of $6,205.86 in attorney's fees, which reflects 34.5 hours counsel spent litigating Reph's substantive case and EAJA fee petition at an hourly rate of $179.88, as well as $350.00 in costs. The Commissioner contests only the number of hours Reph's counsel expended and not the hourly rate. The Commissioner argues that 20 hours is more reasonable than 34.5 for several reasons. The Commissioner finds "most telling" the "relatively modest length of [Reph's] initial brief" at 13 pages. The Commissioner also notes that Reph's counsel's inquiry was essentially a factual one involving well-settled law, that the administrative record was not unusually long at 341 pages, and that Reph's counsel is an experienced Social Security litigator. Doc. No. 22 at 8-11. I am not persuaded.

The EAJA permits an award of reasonable attorney's fees and expenses to the prevailing party. Burt v. Astrue, CIV.A. 08-1427, 2011 WL 1325607, at *2 (E.D. Pa. Apr. 7, 2011) (citing Citizens Council of Del. Cnty. v. Brinegar, 741 F.2d 584, 594–95 (3d Cir. 1984)). The prevailing party has the burden of proving reasonableness by submitting competent evidence of the hours worked and rates claimed. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), and a court should exclude those hours not reasonably expended, Rode, 892 F.2d at 1183.

Reph's fee is reasonable. As for the length of Reph's initial brief in support of his request for review, the Commissioner apparently does not include Reph's initial brief in

support his motion for fees and his two replies, totaling 26 pages of briefing in 34.5 hours. Regarding Social Security appeals, courts in this Circuit have found roughly two to three hours per page to be reasonable. Burt, 2011 WL 1325607, at *3. Reph's four briefings easily meet this standard, as do his two substantive briefings standing alone, which total 18 pages in 31.5 hours. That Reph's case did not involve novel legal issues does not necessarily mean counsel worked an unreasonable number of hours, particularly where, as here, counsel expended "significant effort in scouring the administrative record to provide detailed factual support." Id. Although Reph's counsel is an experienced Social Security litigator, she did not represent Reph before the ALJ,[2] thereby "requiring [her] to advocate in unfamiliar territory." Id. at *4. Relatedly, given that Reph's counsel did not represent him before the ALJ, the 341 page record was not so short as to render the hours counsel expended unreasonable. See, e.g., Wirth v. Barnhart, 325 F. Supp. 2d 911, 915 (E.D. Wis. 2004) ("The record was 326 pages long and, because counsel did not represent plaintiff below, he was required to familiarize himself with the case from scratch.").

Reph's requested fee is therefore reasonable.

**IV. CONCLUSION**

For the foregoing reasons, Reph's motion for attorney's fees and costs is granted in the amount requested.

An appropriate order follows.

---

[2] Attorney Jennifer Walker represented Reph before the ALJ.